**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM LUTHER KALE, 1648-11** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-CV-2579-P** |
| | ) | |
| **SHERIFF JOHNNY BROWN,** | ) | |
| **Defendant.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.  Defendant is Ellis County Sheriff Johnny Brown.

Plaintiff states he was injured in August, 2011, while working as a trusty at the Ellis County Jail.  He states that as a result of the injury, he has a hernia that needs to be repaired.  He states Dr. Fortner at the Ellis County Jail initially told him the hernia was an elective surgery and the jail would not correct the problem.  When the hernia later became worse, Dr. Fortner told Plaintiff that once he was transferred to State Jail, the hernia would be fixed at that time.  Plaintiff was transferred to the Hutchins State Jail where the doctors have told him the hernia needs to be repaired.  Plaintiff has not described his current medical care at the State Jail.  Plaintiff seeks money damages, repair of his hernia and medical expenses.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ."  *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff names Sheriff Johnny Brown as defendant.  Plaintiff states Brown is named as a defendant because he is a supervisor of jail employees.  (Magistrate Judge's Questionnaire, Answers No. 1, 5 and 6.)

To be liable under § 1983, however, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights.  *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d  737, 739 (5th Cir.1985) (per curiam).  Supervisory officials may be held

liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury.  *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th  Cir. 1987).  In this case, Plaintiff states he does not allege that Sheriff Brown was personally involved in the deprivation of his rights.  (Magistrate Judge's Questionnaire, Answer No. 6.)  Plaintiff's claims against Sheriff Brown in his individual capacity must therefore be dismissed.  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (same).

Plaintiff has also failed to show that Defendant Brown implemented an unconstitutional policy that resulted in a violation of his civil rights.  A claim against Defendant Brown in his official capacity is "to be treated as a suit against the [governmental] entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To hold Ellis County liable, Plaintiff must show that an "action pursuant to official municipal policy" caused his injury.  *Connick v. Thompson*, ___ U.S. ___, 131 S.Ct. 1350, 1359 (2011).  Plaintiff must show that such a policy was the "moving force behind the constitutional violation at issue, or that [Plaintiff's] injuries resulted from the . . . policy."  *Spiller v. City of Tex. City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).  The description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.  *Id.*  Additionally, only an employee with final policymaking authority can create official municipal policy.  *Brown v. City of Houston*, 337 F.3d 539, 541 (5th cir. 2003).

In this case, Plaintiff alleges no custom or policy implemented by Sheriff Brown, but simply states that Dr. Fortner initially failed to treat his hernia, and later told Plaintiff he would

be treated when he transferred to the State Jail.  Plaintiff has failed to allege that Dr. Fortner

acted pursuant to any municipal policy or custom.  Plaintiff's claims should be dismissed.

**RECOMMENDATION**

      The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28

U.S.C. § 1915(e)(2).

      Signed this 24th  day of January, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).